UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA STADIUM AND EXPOSITION DISTRICT     CIVIL ACTION

VERSUS     NO. 09-235
    c/w 09-2738

FINANCIAL GUARANTY INSURANCE CO., et al.     SECTION "N" (3)

# O R D E R

Before the Court is the **Motion to Stay Pending MDL Determination (Rec. Doc. 7)**. In this suit, the Louisiana Stadium and Exposition District ("LSED") seeks damages from financial services companies Merrill Lynch and Financial Guaranty Insurance ("Defendants") for their allegedly fraudulent practices regarding the marketing and underwriting of approximately $295 million in "auction-rate" bonds used to finance reconstruction of the Louisiana Superdome after Hurricane Katrina. On February 10, 2009, Merrill Lynch filed a motion to transfer venue and consolidate this case and four others across the country with the Multi-District Litigation ("MDL") Panel.[1]

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket

---

[1] The Defendants seek transfer of four cases to the Southern District of New York, and consolidation of those cases with a case presently pending there. The other cases are *Blankfeld et al. v. Merrill Lynch & Co., Inc. et al.*, No. 09-162 (S. D. Tex.), which has been voluntarily dismissed by the plaintiffs in that case; *Cooperative Bank et al. v. Merrill Lynch Pierce Fenner & Smith, Inc. et al.*, No. 08-12042 (D. Mass.), in which the motion to stay was unopposed; *Community Trust Bank, Inc. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 08-231 (E.D. Ky.), in which the motion to stay was unopposed; and *Burton v. Merrill Lynch & Co., Inc. et al.*, 08-3037 (S.D.N.Y.), in which a motion to dismiss the class action complaint is presently pending. Accordingly, this is the only case in which a plaintiff has opposed moving the case to the district court in New York.

1

with economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

In the instant case, Plaintiffs have moved for a stay of proceedings pending the motion filed with the MDL Panel. Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. *See* MANUAL FOR COMPLEX LITIGATION, THIRD, at 252 (1995). Whether or not to grant a stay is within the Court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency. *See Weisman v. Southeast Hotel Prop. Ltd. Partnership*, 1992 WL 131080, at *6 (S.D.N.Y.1992) (citing Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3866 (1986)).

When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Weathersby v. Lincoln Elec. Co.*, 2003 WL 21088119, at *2 (E.D. La. 2003).

After considering the memoranda and the applicable law, the Court concludes that a stay is appropriate in this case. To begin, the Court is skeptical of LSED's arguments concerning the

hardship to it if a stay is issued. Defendants' responsive pleadings are due before the MDL panel on April 20, 2009, and a ruling is expected relatively shortly thereafter. Therefore, even if all the allegations LSED makes concerning the financial precariousness of some Defendants are true, this stay will likely make little difference in LSED's ability to recover damages. The waste of judicial resources, however–especially if, as seems likely, a motion to dismiss is filed–would be substantial (assuming the MDL was eventually granted), since the Court would have to spend time familiarizing itself with the intricacies of a case involving complex financial transactions that will ultimately be heard by another judge.

Accordingly, **IT IS ORDERED** that the Motion to Stay Pending MDL Determination is **GRANTED**. The stay shall lift ten days after the MDL panel makes a ruling on the motion pending before it, subject to any intervening motion to transfer this case.

New Orleans, Louisiana, this 2nd day of April, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**